IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, LLC, FOREST LABORATORIES HOLDINGS, LTD., ALLERGAN USA, INC., and IRONWOOD PHARMACEUTICALS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MYLAN PHARMACEUTICALS INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. _____<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs Forest Laboratories, LLC, Forest Laboratories Holdings, Ltd., Allergan USA, Inc., and Ironwood Pharmaceuticals, Inc. (collectively, "Plaintiffs"), for their Complaint against Mylan Pharmaceuticals Inc., hereby allege as follows.

## PARTIES

1. Plaintiff Forest Laboratories, LLC (successor-in-interest to Forest Laboratories, Inc.) is a Delaware limited liability company having a place of business at 5 Giralda Farms, Madison, New Jersey 07940.

2. Plaintiff Forest Laboratories Holdings, Ltd. is an Irish corporation having a principal place of business at Canon's Court, 22 Victoria Street, Hamilton HM12, Bermuda.

3. Plaintiff Allergan USA, Inc. is a Delaware corporation having a place of business at 5 Giralda Farms, Madison, New Jersey 07940 (referred to herein, together with Forest Laboratories, LLC and Forest Laboratories Holdings, Ltd., as "Forest").

4. Plaintiff Ironwood Pharmaceuticals, Inc. ("Ironwood") is a Delaware corporation having a principal place of business at 301 Binney Street, Cambridge, Massachusetts 02142.

5. Upon information and belief, Defendant Mylan Pharmaceuticals Inc. ("Mylan") is a West Virginia corporation having a principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505. Upon information and belief, Defendant Mylan manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district.

## NATURE OF THE ACTION

6. This is a civil action for the infringement by Mylan of United States Patent No. 9,708,371 ("the '371 patent"). This action is based upon the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and arises from Mylan's filing of an Abbreviated New Drug Application ("ANDA") with the U.S. Food and Drug Administration ("FDA") seeking to commercialize generic versions of Plaintiffs' Linzess® brand linaclotide capsules throughout the United States, including this judicial district, before the expiration of the '371 patent.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Mylan by virtue of the fact that, *inter alia*, Mylan has committed, or aided, abetted, induced, contributed to, and/or participated in the commission of, a tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs in Delaware. Mylan has participated in the preparation and/or filing of ANDA No. 209564 ("the Mylan ANDA") seeking FDA approval to market and sell generic versions of Plaintiffs' branded prescription drug product Linzess® ("the Mylan Generic Products") – and has plans to manufacture, distribute, market, and/or sell the Mylan Generic Products throughout the United States, including in this judicial district – before the '371 patent expires. This Court has

personal jurisdiction over Mylan for the additional reasons set forth below and for other reasons that will be presented to the Court if such personal jurisdiction is challenged.

9. This Court has personal jurisdiction over Mylan by virtue of, *inter alia*, (1) its presence in Delaware; (2) its consent to being sued in Delaware, including its registration to do business in Delaware and appointment of a registered agent for the receipt of service of process in Delaware; and (3) its systematic and continuous contacts with Delaware. Upon information and belief, Mylan Pharmaceuticals Inc. is amenable to litigating in this forum based on Mylan Pharmaceuticals Inc.'s conduct in multiple prior litigations in this District. For example, Mylan Pharmaceuticals Inc. did not contest personal jurisdiction in Civil Action No. 12-257 (D.I. 7), Civil Action No. 12-523 (D.I. 10), Civil Action No. 12-1065 (D.I. 7), Civil Action No. 13-1214 (D.I. 11), Civil Action No. 13-1605 (D.I. 10), or Civil Action No. 13-1781 (D.I. 10). Mylan Pharmaceuticals Inc. has also filed actions in this District. Civil Actions No. 17-970 and 17-1653.

10. Upon information and belief, venue is proper in this judicial district as to Mylan pursuant to 28 U.S.C. § 1400(b).

## THE '371 PATENT

11. On July 18, 2017, the '371 patent, titled "Treatments for Gastrointestinal Disorders," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO"). Ironwood is the sole owner of the '371 patent. Forest is the exclusive licensee of the '371 patent with respect to commercializing pharmaceutical products containing linaclotide in the United States. A copy of the '371 patent is attached hereto as Exhibit A.

12. Forest Laboratories, LLC holds New Drug Application ("NDA") 202-811 for Linzess® brand linaclotide capsules. Linzess® is approved for the treatment of irritable bowel

syndrome with constipation ("IBS-C") and chronic idiopathic constipation ("CIC"). United States Patent Nos. 7,304,036 ("the '036 patent"), 7,371,727 ("the '727 patent"), 7,704,947 ("the '947 patent"), 7,745,409 ("the '409 patent"), 8,080,526 ("the '526 patent"), 8,110,553 ("the '553 patent"), 8,748,573 ("the '573 patent"), 8,802,628 ("the '628 patent"), 8,933,030 ("the '030 patent"), and the '371 patent are all listed in *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") for Linzess®.

13.   Allergan USA, Inc. is the exclusive distributor of Linzess® in the United States.

## ACTS GIVING RISE TO THIS ACTION

14.   Upon information and belief, on or before November 2, 2016, Mylan submitted the Mylan ANDA to the FDA under § 505 of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)).  The Mylan ANDA seeks FDA approval for the commercial manufacture, use, and sale of generic capsule products containing 145 μg and 290 μg of linaclotide as the active ingredient.

15.   Pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, the Mylan ANDA previously included allegations that the claims of the '036 patent, the '727 patent, the '947 patent, the '409 patent, the '526 patent, the '553 patent, the '573 patent, the '628 patent, and the '030 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the Mylan Generic Products.  Plaintiffs received written notification of the Mylan ANDA and its previous § 505(j)(2)(A)(vii)(IV) allegations with respect to '036 patent, the '727 patent, the '947 patent, the '409 patent, the '526 patent, the '553 patent, the '573 patent, the '628 patent, and the '030 patent no earlier than November 3, 2016, and timely brought suit against Mylan for infringement of those patents on or about November 30, 2016 in *Forest*

*Laboratories, LLC, et al. v. Teva Pharmaceuticals USA, Inc., et al.*, Civil Action No. 16-1114-RGA (D. Del.).

16. Upon information and belief, pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, Mylan recently amended the Mylan ANDA to include, for the first time, allegations that the claims of the '371 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the Mylan Generic Products. At least Plaintiff and patent owner Ironwood did not receive written notification of Mylan's amendment of the Mylan ANDA to add § 505(j)(2)(A)(vii)(IV) allegations with respect to the '371 patent any earlier than October 16, 2017.

17. Mylan's amendment of the Mylan ANDA to add § 505(j)(2)(A)(vii)(IV) allegations with respect to the '371 patent constitutes infringement of one or more of Claims 1-28 of the '371 patent under 35 U.S.C. § 271(e)(2)(A). Moreover, if Mylan commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, any of the Mylan Generic Products, or induces or contributes to any such conduct, it would further infringe these claims of the '371 patent under 35 U.S.C. § 271(a), (b), and/or (c).

18. Mylan has infringed one or more of Claims 1-28 of the '371 patent under 35 U.S.C. § 271(e)(2)(A), and will further infringe one or more of these claims under 35 U.S.C. § 271(a), (b), and/or (c) if the Mylan Generic Products are commercially made, used, offered for sale, or sold in the United States, or imported into the United States, because, *inter alia,* the Mylan Generic Products and the methods of using the Mylan Generic Products – *e.g.*, by doctors, pharmacists, healthcare providers, and patients according to Mylan's proposed package insert – will meet each and every claim element of one or more of Claims 1-28 of the '371 patent either literally or under the doctrine of equivalents.

19. Upon information and belief, Mylan has participated in, contributed to, aided, abetted, and/or induced infringement of the '371 patent and/or will participate in, contribute to, aid, abet, and/or induce infringement of the '371 patent once the Mylan Generic Products are commercially made, used, offered for sale, or sold in the United States, or imported into the United States.

20. Upon information and belief, Mylan has knowledge that if it were to receive approval from the FDA to market the Mylan Generic Products described in the Mylan ANDA and make the Mylan Generic Products available for sale and/or use by others – *e.g.*, by doctors, pharmacists, healthcare providers, and patients – during the proposed shelf life of the Mylan Generic Products before expiration of the '371 patent, such activities would result in the sale and/or use of a product especially made for an infringing use. Upon information and belief, Mylan has knowledge of such infringing use and also knows that the products described in the Mylan ANDA are not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather are especially made and/or adapted for use in the direct infringement of the '371 patent.

21. Upon information and belief, Mylan was aware of the '371 patent prior to amending the Mylan ANDA to add § 505(j)(2)(A)(vii)(IV) allegations with respect to that patent. Upon information and belief, the proposed label for the Mylan Generic Products will induce others – *e.g.*, doctors, pharmacists, healthcare providers, and patients – to infringe the '371 patent and Mylan possesses the specific intent to induce and encourage others to infringe those patents.

22. Mylan's actions render this an exceptional case under 35 U.S.C. § 285.

23. Plaintiffs will be irreparably harmed by Mylan's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

A. That Mylan has infringed the '371 patent;

B. That, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Mylan's ANDA identified in this Complaint shall not be earlier than the expiration date of the '371 patent, including any extensions or exclusivities;

C. That Mylan, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, are preliminarily and permanently enjoined from commercially manufacturing, using, offering for sale, or selling in the United States, or importing into the United States, the Mylan Generic Products, and any other product that infringes or induces or contributes to the infringement of the '371 patent, prior to the expiration date of the '371 patent, including any extensions or exclusivities;

D. That Plaintiffs be awarded monetary relief if Mylan commercially makes, uses, offers for sale, or sells in the United States, or imports into the United States, the Mylan Generic Products, or any other product that infringes or induces or contributes to the infringement of the '371 patent prior to the expiration of the '371 patent, including any extensions or exclusivities, and that such monetary relief be awarded to Plaintiffs with prejudgment interest;

E. That Plaintiffs be awarded the attorneys' fees, costs, and expenses that they incur prosecuting this action under 35 U.S.C. § 285;

F. That Plaintiffs be awarded all of the relief they seek in their related litigation against Mylan, *Forest Laboratories, LLC, et al. v. Teva Pharmaceuticals USA, Inc., et al.*, Civil Action No. 16-1114-RGA (D. Del.); and

   G. That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Peter J. Armenio, P.C.
Robert B. Wilson
Anne S. Toker
Krista M. Rycroft
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
51 Madison Avenue
New York, NY  10010
(212) 849-7000

Gregory A. Morris
Vikram A. Mathrani
Simeon G. Papacostas
HONIGMAN MILLER SCHWARTZ & COHN LLP
155 N. Wacker Drive, Suite 3100
Chicago, IL 60606
(312) 701-9300

November 30, 2017